**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| JOHN L. WILLIAMS, Jr., | : | |
| | : | Civ. Action No. 17-1466 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| SOUTH WOODS STATE PRISON, and | : | |
| UCHC MEDICAL STAFF, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

Plaintiff John L. Williams, Jr., a prisoner confined in South Woods State Prison, in Bridgeton, New Jersey, initiated this action by filing a self-styled "Late Tort Extension Request." (ECF No. 1.) The Court will construe this document (ECF No. 1) as a prisoner civil rights complaint under 42 U.S.C. § 1983.[1] Plaintiff initiated this action without paying the

---

[1] A District Court cannot grant an extension of a statute of limitations to a *pro se* litigant. See <u>Wertheimer v. Grounds</u>, No. C 14-00502 LB, 2015 WL 1848536, at *3 (N.D. Ca. Apr. 22, 2015) (while a court can accommodate scheduling matters, it cannot refuse to apply the statute of limitations to a *pro se* litigant). The Court will construe Plaintiff's document, filed on March 3, 2017, as a prisoner civil rights complaint. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'" (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Plaintiff should be aware that if he files an amended complaint after the statute of limitations expires, it must relate back to a timely-filed

filing fee or submitting an application to proceed without prepayment of fees ("IFP application") under 28 U.S.C. § 1915(a).

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be

---

complaint. See Glover v. F.D.I.C., 698 F.3d 139, 145 (3d Cir. 2012) (describing relation back under Fed. R. Civ. P. 15(c)(1)(B)). Additionally, if a complaint is filed outside the statute of limitations, Plaintiff may seek equitable tolling, if extraordinary circumstances prevented him from timely filing. See Freeman v. State, 347 N.J.Super. 11 (N.J. Super. Ct. App. Div. 2002) (describing equitable tolling of § 1983 claims under New Jersey law.)

assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  If <u>in forma pauperis</u> status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted <u>in forma pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee in installments, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

After Plaintiff completes his IFP application by submitting his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, if he chooses to do so, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[2]

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

---

[2] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

4

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A.   The Complaint

Plaintiff alleges the following in his submission, which this Court construes as a prisoner civil rights complaint. (Compl., ECF No. 1.) Plaintiff's complaint stems from his serious medical condition. Staff members at South Woods State Prison falsely stated on the record that Plaintiff was malingering his injury. Plaintiff has been subjected to multiple retaliations, which caused him to file executive grievances.

B. <u>Section 1983 claims</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

1. <u>South Woods State Prison</u>

The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Under the Eleventh Amendment, a state

6

prison is immune from suit under § 1983. <u>Baker v. James T. Vaughn Correctional Center</u>, 425 F. App'x 83, 84 (3d Cir. 2011). "Congress did not abrogate the states' immunity through the enactment of 42 U.S.C. § 1983." <u>Gromek v. Maenza</u>, 614 F. App'x 42, 44 (3d Cir. 2015.) New Jersey has not waived its Eleventh Amendment immunity. <u>Id.</u> Therefore, South Woods State Prison is not a proper defendant to this action.

The proper defendants to a § 1983 action for money damages are state actors, in their individual capacities, who were personally involved in the alleged constitutional violation. <u>See</u> <u>Iqbal</u>, 556 U.S. at 676 (a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.)

### 2. <u>UCHC Medical Staff</u>

Plaintiff's claim that unidentified UCHC Medical Staff falsely accused Plaintiff of malingering his injury in a written record is insufficient to state an Eighth Amendment claim for deliberate indifference to his serious medical needs. "In order to establish a violation of [a prisoner's] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 582 (3d Cir.

7

2003) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

> A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 106. Plaintiff's complaint against UCHC Medical Staff fails to state a claim under § 1983.

3. Retaliation

Plaintiff alleges retaliation by prison staff but he has not described who retaliated against him, how they retaliated, and what they were retaliating against. Plaintiff has not alleged sufficient facts to state a plausible claim for relief.

> In order to establish illegal retaliation for engaging in protected conduct, [a plaintiff] must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him. Because motivation is almost never subject to proof by direct evidence, [a plaintiff] must rely on circumstantial evidence to prove a retaliatory motive. He can satisfy his burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link.

Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (footnotes omitted). The adverse action alleged must be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (internal quotation marks omitted).

    C.   New Jersey Tort Claims Act

Plaintiff entitled his submission to the Court "Late Tort Extension Request." Plaintiff may be trying to assert a state tort law claim. If Plaintiff seeks to bring a medical malpractice claim under New Jersey law, he should be aware that state law requires that he file a notice of claim with the public entity "not later than the 90th day after accrual of the cause of action," and if that claim is denied, "the claimant may file suit in an appropriate court of law[,]" after the expiration of six months from the date notice of claim is received. N.J.S.A. 59:8-8.

III. CONCLUSION

The Court will administratively terminate this matter without prejudice because Plaintiff failed to pay the filing fee or submit a complete IFP application under 28 U.S.C. § 1915(a)(2).

An appropriate order follows.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: April 10, 2017