**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN L. WILLIAMS, Jr. | : | **CIV. ACTION NO. 17-1466 (RMB)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| SOUTHWOODS STATE PRISON and UCHC MEDICAL STAFF, | : | |
| Defendants. | : | |

**BUMB**, U.S. District Judge

    Plaintiff attempted to initiate this action by submitting to the Court a "Late Tort Extension Request," which the Court construed as a prisoner civil rights complaint and dismissed without prejudice. (Compl., ECF No. 1; Opinion and Order, ECF Nos. 2, 3.) The Court sent Plaintiff a prisoner civil rights complaint form and an IFP application. (Order, ECF No. 2.) Now before the Court is Plaintiff's Amended Complaint (ECF No. 5), and his application to proceed *in forma pauperis* ("IFP Application") (ECF No. 4.) Plaintiff submitted a motion for a temporary restraining order with his amended complaint. (ECF No. 5-1.)

    Plaintiff subsequently submitted a series of letters to this Court. (ECF Nos. 6, 7, 8.) One of these letters purports to amend the Amended Complaint and to amend the pending motion for a temporary

restraining order.  (ECF No. 7.)  Another letter notifies this Court of Plaintiff's intent to file criminal complaints in state court (ECF No. 8), which is unnecessary as this Court has no jurisdiction over state criminal matters.

Plaintiff's IFP application is complete, and it establishes his financial eligibility to proceed *in forma pauperis*.  The IFP application will be granted.  When a prisoner is granted *in forma pauperis* status, the Court must review the complaint and dismiss it if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Before the Court could review Plaintiff's Amended Complaint pursuant to § 1915(e)(2)(B), Plaintiff submitted a letter purporting to further amend his complaint.  (Letter, ECF No. 8.)  Although Plaintiff may submit a Second Amended Complaint, it must entirely replace the existing Amended Complaint, and must contain a short and plain statement, explaining what each defendant is alleged to have done to violate Plaintiff's rights, and the relief Plaintiff seeks.[1] See Federal Rule of Civil Procedure 8(a); Snyder v. Pascack Valley

---

[1] It would be helpful if, in his Second Amended Complaint, Plaintiff labels and attaches any additional pages needed to state his claims, if there is insufficient space provided on the form.

Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.") Apart from identifying the legal claims against each defendant, the Second Amended Complaint should not include a recitation of law. Any motions should be submitted and filed separately, and motions may be accompanied by a memorandum of law.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's IFP application is granted, and the Court will reserve its review pursuant to 28 U.S.C. § 1915(e)(2)(B) until Plaintiff files his Second Amended Complaint.

An appropriate Order follows.

DATED: July 17, 2017

                                            s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            UNITED STATES DISTRICT JUDGE